IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff, ) | Case Nos. | CR-99-002-E-BLW |
| ) | | CV-02-86-E-BLW |
| v. ) | | |
| ) | **ORDER** | |
| FERRELL WILDCAT, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

Pending before the Court are Defendant's Motion for Reconsideration of Judgment (Docket No. 107), Motion for Summary Judgment (Docket No. 110), and Motion for Evidentiary Hearing (Docket No. 113).

Having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

## BACKGROUND

Following a jury trial, Defendant was convicted of two counts of murder in the second degree. He was sentenced to thirty (30) years of imprisonment. His conviction was affirmed in *United States v. Wildcat*, 242 F. 3d 385 (9th Cir. 2000) (unpublished). He subsequently filed a motion under 28 U.S.C. § 2255 alleging that

Order - 1

his counsel was ineffective, that certain witnesses had given false testimony, and that the Government was guilty of misconduct. *See* Docket No. 84. After extensive briefing and many supplemental filings, the Court denied the § 2255 motion on the merits without an evidentiary hearing. *See* Docket No. 104. Defendant filed a Motion for Reconsideration. *See* Docket No. 107.

The Court subsequently issued an Order withdrawing its prior Order and Judgment to give Defendant an opportunity to address deficiencies noted in the prior Order in accordance with *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). *See* Docket No. 108. Defendant responded and also filed the Motion for Summary Judgment noted above to which the Government responded.

## DISCUSSION

Because the Court withdrew its Order denying the § 2255 motion, Defendant's Motion to Reconsider is moot.

A review of the other filings indicates that Defendant has essentially reiterated his prior arguments and provided some additional documentation which does not affect the Court's prior decision. In his Motion for Evidentiary Hearing, he purports to have newly discovered evidence consisting of information that a BIA investigation has uncovered investigatory irregularities on the part of Officer Hildago, an officer who investigated the accident underlying the charges of which he

**Order - 2**

was convicted, which irregularities resulted in the officer's termination.  Defendant did not provide any documentation supporting that claim.  The Court had previously addressed the same or similar allegations in its prior decision.  The Court found that the Hildago investigation was unrelated to this case and excludable under Rule 403.  *See* Memorandum Decision and Order, p. 10 (Docket No. 104).

It appears that Defendant has recently filed a Motion for In Camera Review of Documents in the civil case in which his § 2255 was originally filed, Case No. CV-02-86-E-BLW.  *See* Docket No. 3 (civil case).  Apparently, Defendant had filed a Freedom of Information Act (FOIA) request seeking a copy of Bureau of Indian Affairs (BIA) records pertaining to the Hildalgo investigation.  The request was denied under FOIA exemptions (6) and (7)(C), 5 U.S.C. § 552(b)(6) and (7)(C), and Defendant appealed administratively.  As of the date of filing the motion for in camera review, Defendant had not received a decision on the appeal and seeks district court review under 5 U.S.C. § 552(a)(4)(B).

A § 2255 proceeding is not the proper forum for review of an adverse FOIA decision.  Defendant must commence a separate action in the district court in the district in which he resides, the district where the records are situated, or in the District of Columbia.  *Id.*

**Order - 3**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Court's prior Memorandum Decision and Order (Docket No. 104) and Judgment (Docket No. 105) denying Defendant's 28 U.S.C. § 2255 motion be reinstated in Case Nos. CR-99-02-E-BLW and CV-02-86-E-BLW.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Reconsideration (Docket No. 107) is MOOT.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 110) and Motion for Evidentiary Hearing (Docket No. 113) are DENIED.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for In Camera Review of Documents (Docket No. 3 in Case No. CV-02-86-E-BLW) is DENIED.

DATED: **August 23, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court